UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR IN INTEREST TO             CASE NO:
BANK OF AMERICA, NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR BY MERGER TO
LASALLE BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR MERRILL LYNCH
MORTGAGE INVESTORS TRUST,
MORTGAGE LOAN ASSET-BACKED
CERTIFICATES, SERIES 2006-MLN1,

    Plaintiffs,
v.

SAMANTHA STEVINS, et al.,

    Defendant(s)
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Samantha Stevins ("Stevins" or "Defendant") pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and Local Rule 4.02(b) and hereby notifies this Court that it is removing the above-captioned civil action currently pending in the Circuit Court of the Twentieth Judicial Circuit in Collier County, Florida to the United States District Court for the Middle District of Florida. In support of this Notice of Removal, Defendant states as follows:

**I.**    **BACKGROUND AND PROCEDURAL POSTURE.**

1.    Plaintiff, U.S. Bank National Association, As Trustee, Successor In Interest to Bank of America, National Association, As Trustee, Successor By Merger to LaSalle Bank National Association, As Trustee For Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLN1, filed a Complaint (the "Complaint") against Defendant in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida on or about August 3, 2018, with a case styled <u>U.S. Bank National Association, As Trustee, Successor In Interest to Bank of America, National Association, As Trustee, Successor By Merger to</u>

1

LaSalle Bank National Association, As Trustee For Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-MLN1 v. Samantha Stevins, et. al., Case No 2018-CA-2341, in the Twentieth Judicial Circuit, Collier County, Florida (the "State Court Action").

2. A suggestion of bankruptcy was filed in case 9:18-bk-08116-FMD in the Middle District of Florida and the State Court Action received notice of same on September 25, 2018. (A true and correct copy of the Suggestion of Bankruptcy is attached as Exhibit A.)

3. By State Court Order dated July 10, 2019, the State Court Action was placed into inactive/stay status. (A true and correct copy of the Order placing the court into inactive/stay status is attached as Exhibit B.)

4. Defendant was served with the Summons and Complaint in the State Court Action on August 18, 2021, but the State Court Action remained in inactive/stay status until March 8, 2022, when it was reactivated by the State Court judge. (A true and correct copy of the Order removing the inactive/stay status is attached as Exhibit C.)

5. During the State Court Action, while the case was in inactive/stay status, the Plaintiff filed many papers, documents, and pleadings that were not served upon the Defendant.

6. The only responsive documents filed by Defendant in the State Court Action has been a Motion to Dismiss and an Amended Motion to Dismiss for improper service/lack of personal jurisdiction and failure to state a cause of action.

7. As the case has just been placed back into active status on March 8, 2022, no hearings or motions have been conducted in the State Court Action.

8. True and correct copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as Composite Exhibit D.

9.   Removal of this action is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, because (1) complete diversity of citizenship exists between Plaintiff and Defendant; and (ii) the amount in controversy exceeds $75,000.

10.   In accordance with 28 U.S.C. §1446(d), Defendant has contemporaneously filed, in State Court Action, a copy of this Notice of Removal.

11.   On accordance with 8 U.S.C. §1446(d), Defendant has also given written notice to Plaintiff by contemporaneously serving this Notice of Removal on its counsel of record.

12.   As required by 28 U.S.C. §1441, Defendant removes this case to the United States District Court for the Middle District of Florida, which is the District Court encompassing the place where the State Court Action is pending. Accordingly, removal to the Middle District of Florida is proper. *See* 28 U.S.C. §1441(a).

13.   Defendant (as a federal Plaintiff) has filed case 2:22-cv-00154 against lower court Plaintiffs (as federal Defendants) and a Notice of Pendency of Other Actions will be filed linking the two cases together as they deal with the same banking issues, RESPA issues and the same piece of real estate in both litigations.

**II.   THE REQUIREMENTS FOR FEDERAL JURISDICTION HAVE BEEN MET.**

14.   Removal is proper under 28 U.S.C. §1441 because this United States District Court has original jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332. Section 1331 provides that the District Courts shall have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that the District Courts shall have original jurisdiction over any civil action where the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332.

**A. The Court has Federal Question and Supplemental Jurisdiction.**

15.   Count 2 of the Complaint seeks recovery on an attached and incorporated Promissory Note dated June 1, 2006 for an executed Mortgage June 1, 2006 that secures the note.

3

16.   The "wherefore" clause of the Complaint seeks a determination of the amounts owed under the Note and Mortgage and states that Bankruptcy Code 11 U.S.C. Section 101, et seq. applies where a bankruptcy court only granted Plaintiff or its predecessors-in-interest in rem relief from the bankruptcy automatic stay. As such, this claim arises under federal law and this Court has original jurisdiction to decide the matter.

17.   Additionally, the attached and incorporated Note and Mortgage to the Complaint sound in federal law.

18.   For example, ¶ 11. of the Note entitled "Uniform Secured Note" calls the document a "Security Instrument" which permits the Note Holder secured status in "a Mortgage" deemed "dated the same date as this Note."

19.   The Mortgage attached to the Complaint states, in paragraph "(P) 'RESPA' means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500) as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, 'RESPA' refers to all requirements and restrictions that are imposed in regard to a 'federally related mortgage loan' even if the Loan does not qualify as a 'federally related mortgage loan' under RESPA."

20.   The Mortgage attached to the Complaint in ¶3 entitled "Funds for Escrow Items" states that "Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA." It further requires any such funds to be held in either a bank "whose deposits are insured by a "federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank." This paragraph further limits the lender and requires any funds so collected

to be paid "no later than the time specified under RESPA." It further requires the Lender to give to the Borrower, "without charge, an annual accounting of the Funds as required by RESPA."

21. Paragraph 16 of the Mortgage entitled "Governing Law; Severability; Rules of Construction" states that "This Security Instrument shall be governed by federal law and the law of the jurisdiction where the Property is located."

22. The purported "acceleration letter" dated 11/07/2014 (attached to the State court complaint & used as an exhibit in the pending federal litigation in case 2:22-cv-00154) states "FEDERAL LAW REQUIRES US TO ADVISE YOU THAT NATIONSTAR MORTGAGE, LLC ("NATIONSTAR") IS A DEBT COLLECTOR AND THAT THIS IS AN ATTEMPT TO COLLECT A DEBT."

### B. The Court has Diversity Jurisdiction.

23. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

#### i. Complete diversity exists between Plaintiff and Defendant.

24. There is complete diversity of citizenship between Plaintiff and Defendant. *See* 28 U.S.C. § 1332(a) Carden v. Arkoma Assocs., 494 U.S. 185, 187 (1990) (diversity jurisdiction requires that no plaintiff is from the same state as any defendant); MacGinnite v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005); Strawbridge v. Curtiss, 7 U.S. 267, 2 L.Ed. 435 (1806).

25. Plaintiff U.S. Bank is a federally chartered national bank with its main office and principal place of business in Minnesota. Pursuant to 28 U.S.C. 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The United States Supreme Court held this phrase to mean that a "national bank, for 1348 purposes, is a citizen of the State in which its

office . . . is located." Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 307 (2006) (rejecting the argument that a national bank is the citizen of every state where it operates).

26. At all times material to this Notice of Removal, U.S. Bank has maintained its "main office" and principal place of business in Minneapolis, Minnesota. *See* https://search.sunbiz.org/Inquiry/CorporationSearch showing that U.S. Bank National Association is actively registered with the State of Florida Division of Corporations as an Active corporation out of Minneapolis, Minnesota.

27. Defendant us domiciled in and is a citizen of the State of Florida. *See* ¶2 of the Complaint. *See* McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (a person is considered a citizen of the state where the person is domiciled).

28. Because, at all times material, Plaintiff is not and has not been citizens of the same state as Defendant, complete diversity of citizenship exists between the parties.

### ii. The amount in controversy exceeds $75,000.00.

29. The face of the Complaint establishes that Plaintiff seeks recovery of more than $75,000. Specifically, Plaintiff seeks damages in the amount of $172,844.70. *See* Complaint ¶7.

30. Removal from the State Court is proper if it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement. 28 U.S.C. § 1446(c)(2); Williams v. Best Buy Co., Inc. 269 F.3d 1316, 1319 (11th Cir. 2001). In the instant case, it is facially apparent from the Complaint that Plaintiff is seeking more than $75,000 in alleged damages. *See* Complaint ¶7.

31. This Court need not look beyond the allegations in Plaintiff's Complaint to determine the amount in controversy. 28 U.S.C. §1446(c)(2); *see also, e.g.,* Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (complaint requesting "$10 million for actual and general damages from all defendants, $750,000 in actual damages from each defendant . . . and $1 million in punitive damages" satisfied amount in controversy requirement);

Island Pipeline, LLC v. Sequoyah, Ltd., LLC, 2009 WL 413584, *3 (M.D. Fla. Feb. 18, 2009) (complaint alleging that plaintiff "remains owed $348,000.00" along with a claim of lien in the same amount attached as exhibit satisfied burden of proving amount in controversy).

32. For the foregoing reasons and authorities, removal pursuant to 28 U.S.C. § 1441 is appropriate in this case because this Court possesses diversity jurisdiction pursuant to 28 U.S.C. §1332.

WHEREFORE, Defendant respectfully requests that the above-captioned action now pending in the Twentieth Judicial Circuit in and for Collier County, Florida, be removed to the United States District Court for the Middle District of Florida, and that this District Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

*[signature]*

Samantha Stevins, Esq., Lead Counsel
Florida Bar No 456810
stevinslawfirm@gmail.com
2681 Airport Road South, C-104
Naples, Florida 34112
Phone (239) 300-4417
*Attorney for Defendant, Samantha Stevins*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by Electronic Mail and Federal Experss on March 14, 2022 to the following:

Justin A. Swoskiski, Esq.
Albertelli Law
5404 Cypress Center Drive, Suite 300
Tampa, Florida 33609-1023
jswosinski@alaw.net
Phone (813) 221-4743
*Attorney and trial counsel for
Plaintiff U.S. Bank National Association*

*[signature]*

Samantha Stevins, Esq.

7