UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

U.S. BANK NATIONAL
ASSOCIATION, as trustee,
successor in interested to Bank of
America, National Association, as
Trustee, Successor by Merger to
Lasalle Bank National Association,
as Trustee for Merrill Lynch
Mortgage Investors Trust,
mortgage loan asset- backed
certificate, series 2006,

    Plaintiff,

v.                                          Case No.: 2:22-cv-166-SPC-MRM

SAMANTHA STEVINS,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Plaintiff U.S. Bank National Association's Motion to Remand (Doc. 13). Defendant Samantha Stevins failed to respond in time. The Court grants the Motion.

Because this Order is only for the parties (who are familiar with the case), the Court only discusses what is necessary to explain the decision.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Stevins is a Florida citizen. (Doc. 1 at 6). US Bank sued her in state court to foreclose on property. It named several other parties as Defendants. While the case was originally stayed during Stevins' bankruptcy, she eventually removed.

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The burden is on the removing defendant to show federal jurisdiction. *Leonard v. Enter. Rent. a Car*, 279 F.3d 967, 972 (11th Cir. 2002). If a federal court lacks subject-matter jurisdiction, it must remand immediately. 28 U.S.C. § 1447(c). As removal raises "significant federalism concerns," courts interpret removal statutes strictly and resolve all jurisdictional doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

As much as Stevins contends this case arises under federal law, that contention is beyond frivolous. The Complaint presents a simple mortgage foreclosure under state law.[2] Disparate references to federal law in the record do not somehow transform this into a federal cause of action. Rather, a federal claim must appear on the face of a well-pled complaint. *E.g.*, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (holding "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

---

[2] *See* Fla. R. Civ. P. 1.115(a); *Cukierman v. BankAtlantic*, 89 So. 3d 250 (Fla. Dist. Ct. App. 2012); *Royal Palm Corp. Ctr. Ass'n v. PNC Bank, NA*, 89 So.3d 923 (Fla. Dist. Ct. App. 2012).

pleaded complaint"). What's more, if Stevins wanted to show *Grable* jurisdiction, she fell well short.[3] *See generally Damaso v. Costco Wholesale Corp.*, No. 2:19-cv-574-FtM-38NPM, 2019 U.S. Dist. LEXIS 182453 (M.D. Fla. Oct. 22, 2019) (analyzing *Grable* in detail). Because the Complaint presents no federal claim, there is not jurisdiction on that basis.

With federal-question jurisdiction out, Stevins relies on diversity. For two independent reasons (at least), that avenue fares no better.

First, Stevins cannot remove because she is a Florida citizen. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removeable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the . . . defendants is a citizen on the State in which such action is brought."). This is the forum-defendant rule, and it applies if raised by plaintiff. *E.g.*, *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014). Because US Bank raised the procedural defect, remand is proper.

And second, not all Defendants consented to removal. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed . . ., all defendants who have been properly joined and served must join in or consent to the removal."). This is the unanimity rule, and (as above) it applies if raised by plaintiff. *E.g.*, *Stone v. Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015). Because

---

[3] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

US Bank raised the procedural defect and Stevins didn't cure it, remand is proper.

While there are perhaps other reasons for remand, these are enough as they are clear and without opposition. So on those bases, the Court remands.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion to Remand to State Court (Doc. 13) is **GRANTED**.
2. This action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.
3. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.
4. The Clerk is **DIRECTED** to deny any pending motions, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 17, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record